UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| FRESH AFFAIRS, LLC ) | CASE NO.: 15-06816-5 |
| ) | Chapter 11 |
| Debtor. ) | |

### EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERALPURSUANT TO 11 U.S.C. § 363

COMES NOW Fresh Affairs, LLC (hereafter, "Debtor"), by and through its undersigned counsel, and respectfully moves this court for an Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363.

Pursuant to Bankruptcy Rule 4001(b)(1)(B), the Debtor sets forth the following introductory statement:

The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization. The Debtor is a floral and event designer located in Raleigh, North Carolina. The Debtor was formed ten (10) years ago and currently has approximately 5 full time and 12 part-time employees. The number of part-time employees increases to approximately 30 during peak event seasons. The Debtor believes that in order to maintain existing operations, and retain maximum value of its business, the Debtor will be required to incur certain operating expenses.

The Debtor will require necessary funds for operating its business and meeting related expenses. The Debtor's only significant source of income is through its continued operations and cash proceeds generated thereby. It appears that the proceeds generated from the Debtor's business may constitute cash collateral of Working Capital, LLC ("Working Capital") and Pearl Beta Funding, LLC ("Pearl Funding") within the meaning of § 363 of the Bankruptcy Code.

Working Capital appears to assert a security interest in, among other things, the Debtor's present and future accounts, chattel paper, deposit accounts, contract rights, goods, inventory, equipment and fixtures, general intangibles, instruments, and proceeds now or hereafter acquired by the Debtor.

Pearl Funding appears to assert a security interest in the same collateral asserted by Working Capital, including, among other things, the Debtor's present and future accounts,

chattel paper, deposit accounts, contract rights, goods, inventory, equipment and fixtures, general intangibles, instruments, and proceeds now or hereafter acquired by the Debtor.

Though Debtor has indicated the debt to Working Capital as disputed while counsel reviews the underlying financials and claims asserted, Debtor proposes that Working Capital should be allowed, as adequate protection for the Debtor's use of cash collateral, a post-petition replacement lien and security interest on the same assets to which its lien attached pre-petition, to the same extent and with the same validity and priority as existed on the petition date.

The Debtor also indicated the debt owed to Pearl Funding as disputed due to the anticipation that the secured status of Pearl Funding's claims may be avoided as the perfecting actions were effected within the preference period and outside any 20 day safe harbor rule that may apply. However, and without preclusion allowing Debtor to pursue any such avoidance actions, Debtor proposes that Pearl Funding should be allowed, as adequate protection for the Debtor's use of cash collateral, a post-petition replacement lien and security interest on the same assets to which its lien attached pre-petition, to the same extent and with the same validity and priority as existed on the petition date.

## Jurisdiction, Venue, and Basis for Relief

In support of this Motion the Debtor shows unto the Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed its petition pursuant to Chapter 11 of the United States Bankruptcy Code on December 17, 2015 and current operates as a debtor-in-possession.

3. The Debtor is a North Carolina limited liability company that provides floral and event design services with its place of business located at 4724-116 Hargrove Road, in Raleigh, Wake County, North Carolina. The Debtor has been operating for approximately ten (10) years.

4. The Debtor and Working Capital are parties to a "Merchant Agreement", dated July 23, 2015 which purports to effectuate a sale to Working Capital of future receivables, not yet generated by the Debtor (the "Working Capital Loan Documents").

5. As security for the indebtedness under the Working Capital Loan Documents, the Debtor may have granted to Working Capital a first priority security interest in all of Debtor's present and future accounts, chattel paper, deposit accounts, contract rights, goods, inventory,

equipment and fixtures, general intangibles, instruments, and proceeds now or hereafter acquired by the Debtor.

6.  On or about August 7, 2015 Working Capital filed a UCC Financing Statement with the North Carolina Secretary of State identifying its security interest in the "Collateral" (defined below).

7.  On or about December 8, 2015 Working Capital filed a collection action against Debtor in the in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida Case Number 15-027446-CA-01.  The Debtor listed the claim of Working Capital as disputed as it reviews the underlying financials related to Working Capital's claim.

8.  It appears the Debtor's inventory and accounts generated by its floral and event design operation may constitute cash collateral of Working Capital within the meaning of § 363 of the Bankruptcy Code.

9.  The Debtor and Pearl Funding are parties to a "Merchant Agreement", dated September 29, 2015 which purports to effectuate a sale to Pearl funding of future receivables, not yet generated by the Debtor (the "Pearl Funding Loan Documents").

10. As security for the indebtedness under the Pearl Funding Loan Documents, the Debtor may have granted to Pearl Funding a second priority security interest in the same collateral as that identified in the Working Capital Loan Documents, including all of Debtor's present and future accounts, chattel paper, deposit accounts, contract rights, goods, inventory, equipment and fixtures, general intangibles, instruments, and proceeds now or hereafter acquired by the Debtor (hereafter, the collateral identified in the Working Capital Loan Documents and the Pearl Funding Loan Documents is referred to as the "Collateral").

11.  A UCC statement was not filed by Pearl Funding with the North Carolina Secretary of State until on or about November 12, 2015.  Pearl Funding also filed a Confession of Judgment that was entered in the Supreme Court of the State of New York, County of New York on November 16, 2015, which has not been domesticated in the State of North Carolina.

12.  Though the Debtor's inventory and accounts generated by continued operation of its business may constitute cash collateral of Pearl Funding within the meaning of § 363, the perfecting acts were effectuated during the preference period and may be subject to avoidance pursuant to applicable provisions of the Bankruptcy Code leaving Pearl Funding a general unsecured creditor.

13. The Debtor is currently anticipating continuation of operations by way of this proposed reorganization. The Debtor believes that in order to maintain existing operations, and retain maximum value of its business, the Debtor will be required to incur certain operating expenses.  The Debtor's only source of income is through the continued operations and the cash proceeds generated thereby.  As a result, the Debtor respectfully requests a preliminary hearing on this Motion in order to avoid a closing down of operations and irreparable harm to the Estate.

14. The Debtor will require necessary funds for operating its business and other expenses.  The Debtor will provide a budget specifying these expenses.

15. The Debtor will maintain one or more Debtor-in-Possession ("DIP") bank accounts, into which it will deposit all cash, checks, and other cash items.

16. The Debtor represents that a reorganization and continuation of tis operations will generate the greatest source of funds for creditors, including secured creditors.  The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in business.

17. Furthermore, if use of cash collateral is not immediately approved, the Estate may suffer immediate and irreparable harm in that it will not be able to pay its expenses from funds generated by operations.  If the Debtor is unable to maintain a constant cash flow, it cannot possibly succeed in bankruptcy.  Rule 4001(b)(2) of the Bankruptcy Rules reads as follows:

> (2) Hearing.  The court may commence a final hearing on a motion for the authorization to use cash collateral no earlier than 15 days after service of the motion.  If the motion so requests the court may conduct a preliminary hearing before such fifteen (15) day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Pursuant to Rule 4001, the Debtor respectfully requests a preliminary hearing authorizing it to use cash collateral as specified in this Motion.

WHEREFORE, the Debtor respectfully prays for the following relief:

1. For a preliminary hearing on this Motion in order that immediate harm to the Estate can be avoided on **Wednesday, December 23, 2015 at 1:00 p.m.**

2. For leave of the Court to pay necessary expenses utilizing current cash collateral generated by the above-described operations;

3. For an Order authorizing the Debtor's use of cash collateral in accordance with 11 U.S.C. § 363; and

4. For such other and further relief as this Court deems just and appropriate.

DATED:  December 17, 2015

BORNSTEIN LAW FIRM, PLLC

 s/: Eileen M. Bornstein
Eileen M. Bornstein, NC Bar #28436
8520 Six Forks Road, Suite 101
Raleigh, NC  27615-3096
Telephone:  919-268-6448
Email: eb@bornsteinlawnc.com
*Attorney for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| FRESH AFFAIRS, LLC ) | CASE NO.: 15-06816-5 |
| ) | Chapter 11 |
| Debtor. ) | |

## NOTICE OF MOTION AND HEARING

NOTICE IS HEREBY GIVEN of the DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 filed simultaneously herewith in the above-captioned case; and

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for hearing is made by a party in interest in writing to the Clerk of this Court; and

FURTHER NOTICE IS HEREBY GIVEN, that a hearing will be conducted on the Motion and any response thereto on **Wednesday, December 23, 2015 at 1:00 p.m.** at the **United States Bankruptcy Court, located within the U.S. Courthouse and Post Office Building, 300 Fayetteville Street Mall, Raleigh, North Carolina.**

DATE OF NOTICE:  December 17, 2015

BORNSTEIN LAW FIRM, PLLC

 s/: Eileen M. Bornstein
Eileen M. Bornstein, NC Bar #28436
8520 Six Forks Road, Suite 101
Raleigh, NC  27615-3096
Telephone:  919-268-6448
Email: eb@bornsteinlawnc.com
*Attorney for Debtor*